IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV20-03-MU

ARON JOHNSON, JR., )
)
      Petitioner, )
)
v. ) **O R D E R**
)
NORA HUNT, Supt., Columbus )
Correctional Inst., )
)
      Respondent. )
_____)

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1); Respondent's Motion for Summary Judgment (Document No. 5) and Petitioner's Response to the Motion for Summary Judgment (Document No. 10.) For the reasons stated herein the Court will dismiss Petitioner's Petition for Writ of Habeas Corpus and Grant Respondent's Motion for Summary Judgment.

A review of the record reveals that on July 23, 2003 Petitioner was convicted after trial by jury of armed robbery, possession of a firearm by a convicted felon and achieving the status of habitual felon and was sentenced to 133-169 months imprisonment in cases 02 CRS 58785 and 03CRS 3560-61. On April 5, 2005 the North Carolina Court of Appeals issued an unpublished opinion finding no error and on June 30, 2005 the Supreme Court of North Carolina denied discretionary review. On or about March 16, 2006 Petitioner filed a pro se motion for appropriate relief (MAR) in the Superior Court of Cleveland County. Judge Bridges summarily denied this

1

MAR on May 1, 2006. About a year and five months later, on October 26, 2007 Petitioner filed a second MAR in the Superior Court of Cleveland County. Judge Bridges summarily denied this second MAR on November 13, 2007 stating that "[a] careful reading of the Defendant's Motion, nay even a cursory reading reveals it to be a collection of inane incoherent babbling. Defendant includes numerous citations of cases, none of which stand for the propositions for which they are mentioned. He includes no factual allegations to support any of his general contentions, each of which has been or could have been previously raised in his direct appeal and subsequent Motion for Appropriate relief. The Defendant's Motion is frivolous and does not raise any ground for an evidentiary hearing." (Order denying second MAR November 13, 2007.) Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals on December 21, 2007. Certiorari was denied on January 4, 2008. Petitioner filed the instant Petition in this Court on January 22, 2008 alleging that (1) his conviction was obtained by an unlawful arrest when the arrest warrant and indictment was in default; (2) he was denied effective assistance of trial counsel and appellate counsel and (3) he challenges the validity of the warrant.

## ANALYSIS

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the

Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner's case became final for purposes of direct review, 90 days after the North Carolina Supreme Court's June 30, 2005 order denying discretionary review, i.e. September 28, 2005. See United States Supreme Court Rule 13.1 (90 days to file certiorari petition) and Clay v. United States, 537 U.S. 522 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") Petitioner's one-year limitations period under 28 U.S.C. § 2244(d)(1) then ran from September 28, 2005 for 166 days until Petitioner filed his first pro se MAR (dated March 13, 2006) on March 16, 2006. Petitioner's one-year period remained tolled until Judge Bridges summarily denied the MAR on May 1, 2006. Petitioner did not file a petition for certiorari of his first MAR.[1] Indeed, Petitioner admits on page 4 of his federal habeas application form that he did not petition the North Carolina Court of Appeals seeking review of his first MAR. (Petition at 4.) In effect, Petitioner admits that he abandoned his right to file a certiorari petition seeking appellate review of his first MAR. Thus based on Petitioner's own admission, his one-year limitation period resumed when his first MAR was denied on May 1, 2006 and fully expired 199 days later on November 16, 2006. See Corbett

---

[1] Petitioner did file a second MAR and a writ of certiorari as to the denial of his second MAR, however, as admitted by Petitioner, he did not file a petition for certiorari as to his first MAR.

v. McDade, 42 F. App'x 562 (4th Cir.) (Upholding dismissal as untimely even though petitioner never filed a certiorari petition seeking appellate review of the denial of his MAR), cert. denied, 537 U.S. 1005 (2002) and McConnell v. Beck, 427 F. Supp. 2d 578 (M.D.N.C. 2006) (holding federal petition untimely where petitioner did not file certiorari petition to North Carolina Court of Appeals seeking review of trial court's order denying MAR stating that given Petitioner's other filings he had chosen not to seek appellate review of the denial of MAR). Petitioner's instant federal habeas petition, signed on January 18, 2008 and filed in this Court on January 22, 2008, is over one-year out of time.[2]

Petitioner's second MAR, filed on or about October 26, 2007 and certiorari petition[3] filed December 21, 2006 do not toll the limitations period. This is because Petitioner's one-year period had already fully expired and subsequently filed post-conviction motions or petitions do not toll. See generally, Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation); Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("under the plain language of the statute [§ 2244(d)92)]. Any time that passed between the time that Flanagan's conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of

---

[2] The Court notes that even if Petitioner's Petitioner were not time barred, his claims are procedurally barred and without merit for the reasons stated in the Respondent's Motion for Summary Judgment.

[3] The Court has reviewed Petitioner's petition for writ of certiorari and notes that Petitioner specifically asked the North Carolina Court of Appeals to issue a writ of certiorari to review the order of Judge Bridges dated November 13, 2007 denying his MAR (the second MAR). See Petition for Writ of Certiorari, Ex. 14 to Respondent's Motion for Summary Judgment.)

limitation.")

Petitioner concedes that the instant petition may be considered late and offers two excuses; (1) through "due diligence" he has had difficulties obtaining necessary legal documents in order to properly submit his case; and (2) he has not had effective assistance of counsel since he was charged in this case, has not received a post-conviction evidentiary hearing and it would be a fundamental miscarriage of justice if he is not afforded the right to be heard in court on the merits of this case with assistance of competent counsel. Neither of these excuses are sufficient to warrant any form of statutory or equitable tolling of the one-year limitations period of § 2244(d)(1) and (d)(2).

The United States Court of Appeals for the Fourth Circuit has held that equitable tolling must be reserved for those rare instances where it would be unconscionable to enforce the limitations period. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The circumstances set forth by Petitioner do not rise to the level to require equitable tolling. Petitioner's assertion that he had difficult obtaining legal documents and filing post-conviction motions to obtain copies of various legal documents, such as state court records, transcripts, discovery etc., do not toll. See Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th Cir. 2002) (motions for transcripts do not toll and state's failure to provide transcripts does not qualify for equitable tolling), cert. denied, 537 U.S. 1121 (2003). Moreover, Petitioner's assertion that he has not had effective assistance of counsel since he was charged in this case, did not receive a post-conviction evidentiary hearing, and that it would be a fundamental miscarriage of justice if he is not afforded the right to be heard in court on the merits of this case with assistance of counsel, does not warrant equitable tolling. Whether Petitioner received ineffective assistance of

counsel at trial or on appeal is not a reason for failing to file a federal habeas petition on time. Cf. Miranda v. Castro, 292 F.3d 1063 (9th Cir.) (No equitable tolling due to appellate counsel's erroneous advice regarding deadline for filing federal habeas petition since appellate counsel had no duty to provide effective assistance beyond the direct appeal), cert. denied, 537 U.S. 1003 (2002). Further, the state court's decision not to conduct a post-conviction evidentiary hearing in Petitioner's case, could not possibly toll. Cf. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("Claims of error occurring in a state post-conviction proceeding cannot serve as a basis of federal habeas corpus relief.") Finally, there is no "fundamental miscarriage of justice" exception to the one-year limitation period. In short, none of the excuses Petitioner gives for filing his current habeas Petition late constitute grounds fro statutory or equitable tolling.

The Court nots that Petitioner does not address the timeliness of his Petition at all in his "Reply Brief" (Doc. No. 10) however is a separate document filed just prior to his "Reply Brief", Petitioner stated that "[t]he question of timeliness should be viewed under newly discovered evidence." (Doc. No 9 at ¶ 9.) Notably, Petitioner does not articulate what this "newly discovered evidence" is or how it applies to his one-year limitations period under the AEDPA.

The Court finds that Petitioner's Petition is untimely under the AEDPA and the instant Petition is therefore dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED**.

Signed: March 3, 2008

Graham C. Mullen
United States District Judge